SUMMARY ORDER
A group of seamen on foreign-flag vessels and their union, Maritime Transport Workers’ Union of Russia (collectively, the ‘Wage Claimants”), appeal from the district court’s affirmance of the bankruptcy court’s grant of summary judgment in favor of Allfirst Bank and Wayland Investment Funds, LLC (the “Lenders”). The Wage Claimants do not seek ordinary wages; those have already been paid. Their claim is for double wages under 46 U.S.C. § 10313(g). The Lenders cross-appeal from the district court’s decision to allow the Wage Claimants to supplement the bankruptcy court record with newly-created evidence of their wage demands. We presume the parties’ familiarity with the factual and procedural background of this case and the issues raised on appeal.
We review a district court’s affirmance of a bankruptcy court’s grant of summary judgment de novo, making all factual inferences in favor of the non-moving party. In re Blackwood Assocs., L.P., 153 F.3d 61, 67 (2d Cir.1998); In re Ionosphere Clubs, Inc., 922 F.2d 984, 988 (2d Cir.1990). Summary judgment will be granted only when there are no genuine disputes concerning any material fact, and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). “[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.” Celotex, 477 U.S. at 322, 106 S.Ct. 2548.
Congress set out the requirements for payment of seamen’s wages in 46 U.S.C. § 10313 (the “Wage Act”), which provides in pertinent part:
(f) At the end of a voyage, the master shall pay each seaman the balance of wages due the seaman within 24 hours after the cargo has been discharged or within 4 days after the seaman is discharged, whichever is earlier____
(g) When payment is not made as provided under subsection (f) of this section without sufficient cause, the master or *633 owner shall pay to the seaman 2 days’ wages for each day payment is delayed.
(i) This section applies to a seaman on a foreign vessel when in a harbor of the United States. The courts are available to the seaman for the enforcement of this section.
When read together with subsection (i), subsection (f) provides that a foreign seaman has an actionable claim when: (1) his voyage ends at a U.S. port or he is discharged at a U.S. port; and (2) he does not receive all of his unpaid wages within twenty-four hours after discharge of the ship’s cargo or four days after his discharge, whichever is earlier. Double wages are available only when regular wages are not timely paid under subsection (f). See Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 576-77, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982).
The record is devoid of evidence that even a single Wage Claimant has met the statutory requirements for double wages. Each of the affidavits submitted by the Wage Claimants in the district court omits an essential element of subsection (f). The affidavits fail to show either that the voyage in question ended in a U.S. port or that a Wage Claimant who was discharged in a U.S. port did not receive his wages within four days after his discharge or twenty-four hours after the discharge of the cargo. See Monteiro v. Sociedad Maritima San Nicolas, S.A., et al., 280 F.2d 568, 574 (2d Cir.1960) (“[A] seaman on a foreign vessel obtains his right once the specified facts occur while the vessel is in a harbor of the United States----”); Cubeiro v. Sun Seaway Enters., Inc., et al., 539 F.Supp. 1175, 1177 (S.D.N.Y.1982) (“[I]t is now well settled that a foreign seaman, sailing on board a foreign-flag vessel, may file a [double wage] claim in a United States court ... if he was discharged from the vessel in a United States port.”). Accordingly, we affirm the district court’s ruling on the ground that the Wage Claimants have failed to make a showing sufficient to establish the existence of an element essential to their claim and on which they would bear the burden of proof at trial.
In affirming on grounds different from those of the district court and the bankruptcy court, we do not reach the questions of statutory interpretation addressed by those courts. Accordingly, we do not address the view of the Fifth Circuit expressed in Gov. & Co. of the Bank of Scotland v. Sabay, 211 F.3d 261, 272 (5th Cir.2000), that the Wage Act does not authorize a claim for double wages against the proceeds of the sale of a vessel, but limits liability to the master or owner of the vessel. That issue has not yet been considered by this Court, nor is it presented by the facts of this case because appellants failed to make the factual showing required to defeat summary judgment. Similarly, since it is unnecessary to do so, we do not decide the cross-appeal.
Therefore, on an alternative ground, the decision of the district court is AFFIRMED.